IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA ELAINE WOLFE | : | CIVIL ACTION |
| v. | : | |
| JEFFREY A. BEARD, et al. | : | NO. 10-2566 |

ORDER

AND NOW, this 9th day of December, 2010, upon consideration of the defendants' Motion to Dismiss (Docket No. 12), the plaintiff's opposition thereto (Docket No. 13), and following an on-the-record telephone conference with the parties held on October 28, 2010, IT IS HEREBY ORDERED, for the reasons stated in a memorandum of law bearing today's date, that the motion is GRANTED IN PART AND DENIED IN PART. IT IS FURTHER ORDERED THAT:

1. Count I of the complaint is DISMISSED.

2. Count II of the complaint is DISMISSED.

3. Count III of the complaint is DISMISSED.

4. Count IV of the complaint is DISMISSED IN PART, as follows:

    (a) The plaintiff's employer retaliation claim is DISMISSED.

    (b) The plaintiff's cell transfer retaliation claim is DISMISSED as to all defendants except for Sylvia Pallott.

(c) The plaintiff's retaliation claim against Sylvia Pallot is DISMISSED to the extent that it seeks compensatory damages for purely emotional injury.

(d) The plaintiff's retaliation claim against Sylvia Pallot is DISMISSED to the extent that it seeks damages against Sylvia Pallott in her official capacity.

(e) The motion to dismiss Count IV is DENIED in all other respects.

5. Count V of the complaint is DISMISSED.

6. Count VI of the complaint is DISMISSED IN PART, as follows:

(a) The plaintiff's excessive force claim arising out of the incident on August 4, 2005, is DISMISSED.

(b) The plaintiff's claim based on conditions of confinement is DISMISSED.

(c) The plaintiff's claim based on denial of medical care is DISMISSED.

(d) The plaintiff's excessive force claim arising out of the incident with Andre Zimmer is DISMISSED as to all defendants except for Andre Zimmer.

(d) The plaintiff's excessive force claim against Andre Zimmer is DISMISSED to the extent that it seeks compensatory damages for purely emotional injury.

(e) The plaintiff's excessive force claim against Andre Zimmer is DISMISSED to the extent that it seeks damages against Andre Zimmer in his official capacity.

(f) The motion to dismiss Count VI is DENIED in all other respects.

7. Count VII of the complaint is DISMISSED.

8. Count VIII of the complaint is DISMISSED.

9. Count IX of the complaint is DISMISSED.

10. The plaintiff's Motion to Execute the Proceedings (Docket No. 13) is DENIED AS MOOT. The Court treated the plaintiff's motion as her opposition.

11. On or before January 10, 2011, the plaintiff may amend her complaint to allege deliberate indifference and physical injury, if appropriate.

12. On or before January 10, 2011, the plaintiff may amend her complaint to assert two additional claims as are described in the accompanying memorandum of law.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.