IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA ELAINE WOLFE : CIVIL ACTION
:
v. :
:
JEFFREY A. BEARD, et al. : NO. 10-2566

MEMORANDUM

McLaughlin, J. February 14, 2011

Before the Court is the defendants' motion to dismiss the plaintiff's amended complaint. In her original complaint, the plaintiff asserted nine counts against nine separate defendants, all employed by the Pennsylvania Department of Corrections ("DOC"). The defendants moved to dismiss the complaint in its entirety. In its Memorandum and Order dated December 9, 2010, the Court dismissed all claims, except for the plaintiff's First Amendment cell transfer retaliation claim against Sylvia Pallott (Count IV), and her Eighth Amendment Excessive Force claim against Andre Zimmer (Count VI).[1] The Court also dismissed all defendants from the action, except for defendants Sylvia Pallott and Andre Zimmer.

The Court granted the plaintiff leave to amend her

---

[1] The Court dismissed the surviving claims against defendants Pallott and Zimmer to the extent that the plaintiff sought to recover damages against these defendants in their official capacity, and to the extent that the plaintiff sought to recover for purely emotional injury.

complaint in order to re-assert an Eighth Amendment Conditions of Confinement claim against Andre Zimmer (Count VI), if the plaintiff could allege deliberate indifference.  The Court also granted the plaintiff leave to amend her complaint to plead physical injury, so as to overcome the bar against recovery for purely emotional injury set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).  Finally, the Court granted the plaintiff leave to assert claims under the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249, and the Administrative Procedure Act.

On January 11, 2011, the plaintiff filed an amended complaint.  The Court will outline the relevant facts from the amended complaint below.[2]  However, the Court will not repeat the factual allegations contained in the original complaint, which are set forth in detail in the Court's Memorandum and Order dated December 9, 2010.

The plaintiff re-asserts an Eighth Amendment Conditions

---

[2] In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true, and must construe the complaint in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  When evaluating a motion to dismiss, the court should disregard any legal conclusions.  The court must then determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler, 578 F.3d at 210.  If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2008).

of Confinement claim against Andre Zimmer based on the following allegations. On October 21, 2009, the Allegheny County sheriffs drove a sealed van containing the plaintiff up to SCI-Graterford's intake garage and beeped the horn. Two minutes later, Andre Zimmer came out, looked at the plaintiff, and directed the sheriffs to park the van in an unshaded lot near the intake area. The sheriffs subsequently exited the van and stood in front of it, conversing with one another. Meanwhile, Mr. Zimmer returned to the intake garage. Ten minutes later, Mr. Zimmer directed a separate transport van out of the garage while giving the sheriffs a "stop/stay" signal, indicating that the van containing the plaintiff should remain parked. A DOC bus then pulled into the parking lot and was directed straight into the garage for unloading. On four separate instances, Mr. Zimmer went into the parking lot and gave the sheriffs a "stop/stay" signal while he unloaded other vehicles. Mr. Zimmer observed that it was a bright and sunny day, and knew or should have known that the plaintiff was bound in the transport vehicle awaiting intake. In total, the plaintiff remained in the van for "over an hour."[3] Am. Compl. ¶¶ 14-16, 18-20.

The plaintiff also alleges physical injury in conjunction with her Eighth Amendment Excessive Force claim.

---

[3] The plaintiff's amended complaint does not describe the overall length of time that the plaintiff waited, but her original complaint does. Compl. ¶ 38.

When Mr. Zimmer removed the plaintiff from the intake van, he directed her to get on her knees on a chair against the wall. While the plaintiff was handcuffed on her knees, Mr. Zimmer put his hand on the plaintiff's neck and smashed her face into a metal window frame while slapping her inner thighs. Following the incident, the plaintiff became sick after every meal and began spitting blood. In addition, the plaintiff suffered from high blood pressure and migraines. Am. Compl. ¶¶ 21-23.

The plaintiff additionally asserts a claim under the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009 ("Hate Crimes Act"), 18 U.S.C. § 249. In support of her claim, the plaintiff recites the statutory text of § 249 and alleges that Andre Zimmer's and Sylvia Pallott's actions were motivated by the plaintiff's "actual or perceived gender, sexual orientation, or gender identity." The plaintiff asserts no factual allegations in support of this claim. Am. Compl. ¶¶ 30-31.

Finally, the plaintiff asserts claims under the Administrative Procedure Act and what she styles as the "Model State Administrative Procedure Act." In support of this claim, the plaintiff alleges that the DOC's "policies, regulations and revisions" are applied with the force of law before they are officially adopted. In addition, the plaintiff alleges that the DOC's policies are employed to "make and develop false,

4

misleading and fraudulent documents and records." Am. Compl. ¶¶ 38-39.

The defendants have moved to dismiss the plaintiff's amended complaint. The defendants contend that the amended complaint fails to allege that Mr. Zimmer acted with subjective knowledge, and therefore the Eighth Amendment Conditions of Confinement claim must be dismissed. The defendants also argue that the Hate Crimes Act claim must be dismissed, because there is no private right of action under 18 U.S.C. § 249. Finally, the defendants claim that the Administrative Procedure Act does not apply to state entities, and no statute titled the "Model State Administrative Procedure Act" exists in Pennsylvania, and therefore these claims must be dismissed.

The Court will grant the motion to dismiss as to the plaintiff's Eighth Amendment Conditions of Confinement claim against Andre Zimmer. In its Memorandum and Order dated December 9, 2010, the Court concluded that the plaintiff had alleged a sufficiently serious deprivation so as to withstand a motion to dismiss. However, the Court dismissed the claim without prejudice, because the plaintiff had failed to allege deliberate indifference, a component of the prima facie case. The plaintiff's amended complaint fails to cure this defect.

Deliberate indifference requires a showing that "a prison official subjectively acted with a sufficiently culpable

5

state of mind." Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996)). This standard is satisfied when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court of Appeals for the Third Circuit has held that, in addition to actual knowledge, this test can be satisfied when circumstantial evidence reveals that the excessive risk was so obvious that an official must have been aware of it. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842).

The amended complaint does not establish deliberate indifference by Andre Zimmer. The plaintiff has not alleged facts that would put Mr. Zimmer on notice of an excessive risk to the plaintiff's safety. The plaintiff has not alleged that Mr. Zimmer interacted with the plaintiff or even approached the van, other than for a brief moment when the van arrived for intake. Moreover, the facts indicate that the sheriffs who had transported the plaintiff remained near the van throughout the intake process. In the event that the plaintiff was experiencing discomfort, she could have expressed her discomfort to the sheriffs, who in turn could have alerted Mr. Zimmer. The plaintiff alleges that the sun was bright and that she was handcuffed in the vehicle. However, these facts do not

6

constitute the type of circumstantial evidence necessary to establish an excessive risk of which Mr. Zimmer must have been aware.  Because the plaintiff has not alleged subjective knowledge, the claim will be dismissed.

The Court will also dismiss the plaintiff's claim under the Hate Crimes Act, 18 U.S.C. § 249.  The Court of Appeals for the Third Circuit has not addressed whether there is a private right of action under the Hate Crimes Act.  However, other courts outside of the Third Circuit have held that the Hate Crimes Act, as a criminal statute, does not give rise to a private right of action.  See, e.g., Lorenz v. Managing Director, St. Luke's Hosp., 2010 U.S. Dist. LEXIS 127746 (S.D.N.Y. Nov. 5, 2010); Lee v. Lewis, 2010 U.S. Dist. LEXIS 129816 (E.D.N.C. Oct. 28, 2010).

The Court agrees with the reasoning of these cases and finds no private right of action under the Hate Crimes Act.  To determine whether a statute provides a private right of action, the Court must decide whether Congress intended to create both a personal right and a private remedy.  Wisniewski v. Rodale, Inc., 510 F.3d 294, 301 (3d Cir. 2007).  In analyzing whether Congress intended a personal right, the Court must determine whether the statute contains "rights-creating" language. Rights-creating language focuses on the individuals protected by the statute rather than the persons regulated by it.  Id. at 301-02.  Further, in determining whether a statute creates a private

7

remedy, an important factor is whether the statute provides for an alternative method of enforcement. Id. at 305. When a statute provides for alternative enforcement mechanisms, there is a strong presumption against implied rights of action. Id.

The Hate Crimes Act does not confer rights on a specific class of persons, but rather criminalizes certain offenses based on, among other traits, a person's national origin, gender, or sexual orientation. 18 U.S.C. § 249(a). Moreover, the statute specifically provides for criminal enforcement, and authorizes penalties including imprisonment. Because the Court finds neither personal rights nor private remedies in the statutory text, the Court concludes that there is no private right of action under 18 U.S.C. § 249. Accordingly, the claim will be dismissed.

The Court will also grant the motion to dismiss as to the plaintiff's claims under the Administrative Procedure Act ("APA") and the "Model State Administrative Procedure Act." By its own terms, the APA does not apply to state agencies. See 5 U.S.C. § 702 (authorizing judicial review of "agency action"); 5 U.S.C. § 701(b)(1) (defining "agency" as "each authority of the Government of the United States"); see also Karst Envtl. Educ. & Prot., Inc. v. EPA, 475 F.3d 1291, 1989 (D.C. Cir. 2007) ("[N]othing in the APA authorizes claims against nonfederal entities) (citing Sw. Williamson County Cmty. Ass'n v. Slater,

173 F.3d 1033, 1035 (6th Cir. 1999) (same)). Because the DOC is a state agency, it is not bound by the APA and the claim must be dismissed.

Moreover, there is no "Model State Administrative Procedure Act" in Pennsylvania. The Court instead assumes that the plaintiff intends to assert a claim under the Pennsylvania Administrative Agency Law, 2 Pa. Cons. Stat. § 101 *et seq*. However, this claim fails the pleading standard. The plaintiff offers only conclusory allegations in support of her claim. Specifically, the plaintiff alleges that ceratin, unspecified DOC policies and regulations have been applied with the force of law before being adopted, and that the DOC falsifies information pursuant to these policies. Such general allegations are insufficient to establish a "plausible claim for relief." Fowler, 578 F.3d at 210. While the Court is mindful of the fact that the plaintiff is pro se, a pro se plaintiff must still satisfy the Rule 8 standard. See Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992). Accordingly, the claim will be dismissed.

The Court also notes that in the plaintiff's amended complaint, she re-asserts her surviving First and Eighth Amendment claims against all of the defendants named in her original complaint. As noted above, the Court dismissed these claims against all defendants except for Sylvia Pallott and Andre Zimmer. To the extent that the plaintiff seeks to re-assert her

surviving claims against all of the original defendants, those claims are barred by the Court's prior decision.

In view of the foregoing, the Court will grant the defendants' motion to dismiss.  However, the Court notes that two claims still survive in this action: the plaintiff's First Amendment retaliation claim against Sylvia Pallott based on the plaintiff's cell transfer, and her Eighth Amendment Excessive Force claim against Andre Zimmer.  Moreover, the plaintiff has alleged physical injury in connection with her Excessive Force claim, but the defendants have not moved to dismiss with respect to this claim.  Accordingly, the Court concludes that the plaintiff has alleged a sufficient predicate physical injury to overcome the bar against recovery for emotional injury, as set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

An appropriate order shall issue separately.